IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

EDDIE BRYANT,                                                                              PETITIONER

v.                                                                                  No. 4:05CV197-D-B

LAWRENCE KELLY, ET AL.                                                          RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Eddie Bryant (# K3473) for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed, and the petitioner has responded. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed as untimely filed under 28 U.S.C. § 2244(d).

### Facts and Procedural Posture

Eddie Bryant was convicted of aggravated assault, shooting into a dwelling, and manslaughter in the Circuit Court of Washington County, Mississippi, and sentenced to terms of ten years, ten years and twenty years in the custody of the Mississippi Department of Corrections respectively. The court ordered the three sentences to be served consecutively. On May 14, 2002, the Mississippi Court of Appeals affirmed Bryant's conviction and sentence. *Bryant v. State,* 850 So.2d 1130 (Miss.App.2002), *reh'g denied*, August 20, 2002, *cert. granted*, 844 So.2d 1153 (Miss.2003)(No. 2000-CT-01214)(affirmed as modified by correction to sentencing order). Bryant did not file a petition for writ of *certiorari* to the United States Supreme Court. On August 9, 2004, the petitioner filed an Application for Leave to Proceed in the Trial Court in the Mississippi Supreme Court. That application was denied by Order of the Mississippi Supreme Court filed September 14, 2004. Bryant filed the instant federal petition for a writ of

*habeas corpus* on August 1, 2005.

## Discussion

The outcome of this case turns on 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

The petitioner's judgment became final on July 23, 2003, ninety days after the final decision in state court April 24, 2003. *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999); *see also* 28 U.S.C. § 2101; *Bell v. Maryland,* 378 U.S. 226, 232 (1964)) (time period in which petitioner could file a petition for writ of certiorari to Supreme Court must be considered in calculating date on which judgment becomes final). Thus, under § 2244(d)(1)(A), the petitioner had one year – until July 23, 2004 – to file his federal petition for a writ of *habeas corpus*.

Although a properly filed state application for post-conviction relief can toll the one-year federal statute, the petitioner did not file such an application until August 9, 2004 – 17 days after the July 23, 2004, deadline for filing his federal petition for a writ of *habeas corpus*. As such, the filing of the state post-conviction application did not toll the federal limitation period.[1]

Under the "mailbox rule," the petitioner's *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date that he delivered the petition to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In the instant case, the federal petition was "filed" sometime between the date it was signed on July 1, 2005, and the date it was received and filed in the district court on August 1, 2005. Giving the petitioner the benefit of the doubt by using the earlier date (July 1, 2005), the petition was filed 343 days after the expiration of the July 23, 2004, deadline for filing his federal *habeas corpus* petition. The petitioner cites no "rare and exceptional" circumstance to warrant equitable tolling, *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999); therefore, the petition must be dismissed with prejudice as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 22nd day of September, 2006.

/s/ Glen H. Davidson
CHIEF JUDGE

---

[1] Indeed, even if court were to apply the tolling provision and give Bryant credit for the 36 days his state post-conviction pleadings were pending, the instant federal petition would still be untimely. As discussed below, the instant petition was 343 days late under even the most optimistic of analyses.